**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 29 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LEO LANKFORD, III,

Defendant-Appellant.

No. 99-3237
(D.C. No. 98-CR-20061-KHV)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Leo Lankford, III appeals from a jury verdict finding him guilty of one count of violating 18 U.S.C. § 1001 by knowingly concealing material facts from the United States Navy in order to receive benefits from a government program. We affirm.

Defendant broke his arm in two places while serving on a Naval Reserve training assignment. When a reservist is injured on duty, he is entitled to pay and benefits (incapacitation pay) less any earned civilian or disability income received. Incapacitation pay continues until a military doctor certifies the reservist medically fit to return to the military duty to which he was assigned when he was injured. Defendant was approved for incapacitation pay.

Defendant held a civilian job as an account representative for the United States Postal Service. He also worked part-time as a salesman at The Jones Store. Defendant notified the Postal Service that he was medically unfit to resume his civilian duties and was placed on leave without pay status. Defendant continued to work part-time at The Jones Store. Defendant did not notify the Navy of his part-time employment.

Consequently, defendant was indicted and found guilty of knowingly defrauding the Navy by concealing the income he received from The Jones Store. The court sentenced defendant to five months' imprisonment to be followed by five months' home detention and three years' supervised release. He was also

ordered to pay restitution in the amount of $24,696.13, the entire amount he received as incapacitation pay except for compensatory drill pay when he could not participate in his active duty drills and two weeks' pay the court determined he properly received immediately following his injury.

On appeal, defendant argues the trial court erred in not granting his motion for judgment of acquittal because the government failed to produce sufficient evidence to prove his guilt beyond a reasonable doubt. He also argues the trial court erred in calculating the amount of loss for sentencing and restitution purposes.

We review the trial court's denial of a motion for judgment of acquittal de novo. <u>United States v. Schluneger</u>, 184 F.3d 1154, 1158 (10th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 800 (2000). In the course of this review we examine "the evidence in the light most favorable to the government and ask[] whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Id.</u> (quotation omitted).

> Where intent is an element of the crime charged, the issue is particularly one for the jury. It is the jury's province to determine whether a defendant knew his conduct was an illegal act, and its duty to weigh evidence and draw reasonable inferences therefrom in making its judgment. In so doing, the determination of credibility is the jury's function.

<u>United States v. Goldstein</u>, 695 F.2d 1228, 1234-35 (10th Cir. 1981).

Defendant asserts that the government failed to prove he knew he had to report income from his part-time civilian job and, therefore, failed to prove he intended to defraud the Navy. He contends his failure to report the income was the result of mistake or inadvertence, not an intentional criminal act.

Fraudulent intent is often "not susceptible to proof by direct evidence." See United States v. Mann, 884 F.2d 532, 535 (10th Cir. 1989). Rather, it "must be inferred from a series of acts and pertinent circumstances." Id. (quotation omitted).

The evidence showed that defendant initialed each of the privileges and responsibilities listed on the third page of the Notice of Eligibility he received when his incapacitation pay was approved. Page one of that notice contains the statement that if a reservist is "not physically qualified for [his] normal military duties, [he is] entitled to receive [incapacitation] pay . . . *less any earned income* . . . ." Appellant's Br., App. A (emphasis added). The government also presented evidence that defendant's command submitted monthly updates stating that defendant had received no earned income for the period covered. Further, to show his intent to defraud, the government presented evidence showing defendant requested leave without pay from the Postal Service and erroneously told individuals there that the Navy would not permit him to return to work.

Defendant contends that no evidence was presented that he had received the Notice of Eligibility despite his initials on the third page of that notice. He notes that nothing on page three addresses the issue of reporting income from civilian employment. Defendant also states that no evidence was presented showing who had submitted the information used to prepare the monthly updates. Defendant contends that the fact that he indicated in January 1997 he knew the amount of earned civilian income would affect the amount of incapacitation pay he received, did not establish his knowledge of that fact during the period he received incapacitation pay.

Defendant's disingenuous arguments are insufficient to overcome the jury's determination that his defense was not credible. A rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.

Defendant argues the trial court erred in calculating the amount of loss for sentencing and restitution purposes. He contends that only the net loss incurred by the Navy should be considered, not the entire amount of benefits he received.

We review the court's factual findings for clear error and its legal interpretation of the Sentencing Guidelines de novo. See United States v. Henry, 164 F.3d 1304, 1310 (10th Cir.), cert. denied, 119 S. Ct. 2381 (1999). Further,

we must give "due deference to the district court's application of the guidelines to the facts." Id.

Defendant argues that he should not have to forfeit the entire amount of incapacitation pay he received because he did not work for the Postal Service while he was receiving incapacitation pay. Defendant contends the court erred in relying on Henry because the government presented no evidence showing he could have returned to his duties with the Postal Service and Henry involved a different statute than the one he was convicted of violating. Further, the statute under which he was convicted provides that incapacitation pay may be reduced by earned civilian income, a provision not available in Henry.

"[L]oss is the value of the money . . . unlawfully taken." U.S.S.G. § 2F1.1 comment (n.8) . The trial court considered defendant's behavior with the Postal Service as relevant conduct for sentencing purposes. Defendant's conduct with the Postal Service was relevant and properly considered at sentencing. See U.S.S.G. § 1B1.3 comment (n. 9(B)) (explaining the factors the court must address when determining whether offenses can be considered part of the same course of conduct). Facts presented to show "relevant conduct must be proven by a preponderance of the evidence." United States v. Fortier, 180 F.3d 1217, 1225 (10th Cir. 19 99).

The government presented evidence that defendant led the Postal Service to believe that the Navy would not permit him to return to his civilian employment. The government also presented evidence that defendant's employer at the Postal Service denied defendant's request for sick leave rather than leave without pay because he felt that defendant could do his job with a broken arm.    See Rec. Vol. III at 56.  No evidence was presented that the Postal Service could not accommodate his injury.  Further, defendant's conduct only came to light after the Navy contacted the Postal Service inquiring as to why the Postal Service would not permit defendant to return to work.    See id.  The government presented facts showing that defendant was intentionally defrauding the Navy by receiving incapacitation pay when he could have been working at his civilian job.

Defendant also argues that the court erred in determining that he should return the entire amount he received as incapacitation pay as restitution.  We review the district court's findings of fact underlying a restitution order for clear error and the amount of restitution ordered for abuse of discretion.    See United States v. Copus  , 110 F.3d 1529, 1537 (10th Cir. 1997).

The restitution order was based on the actual loss to the Navy.  The court determined that he was entitled to keep some of the incapacitation pay he received, but that he had received the majority of the funds unlawfully based on both his part-time work at The Jones Store and his concealing of material facts

from the Postal Service and the Navy about the impact of his injury on his job

with the Postal Service. The district court did not abuse its discretion in the

restitution order. [1]

The judgment of the United States District Court for the District of Kansas

is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge

---

[1] We note that Henry is inapplicable as defendant was permitted to keep those benefits he rightfully received. Restitution was ordered only in the amount of overpayment.